10559

POLIAKOFF v. AMERICAN RAILWAY EXPRESS COMPANY.

(105 S. E. 744.)

CARRIERS—LIMITATION OF LIABILITY TO AGREED VALUE ON WHICH RATE BASED EFFECTED BY RECEIPT FOR INTERSTATE EXPRESS CARRIAGE WHEN VALUE NOT DECLARED.—Receipt issued by defendant express company for shipment by the consignor to plaintiff reading the company would not pay over $50 in case of loss unless a greater value was declared and the charges for such value paid *held* effectual to limit the express company's liability under the rule that such a limitation to an agreed value on which the rate is based is effected by a contract for interstate express carriage, though the shipper makes no declaration of value where the contract shows it was intended to fix a primary value to control the rate.

Before BOWMAN, J., Barnwell, April, 1920. Reversed.

Action by S. Poliakoff against American Railway Express Company. From judgment for plaintiff, the defendant appeals.

*Messrs. Harley & Blatt,* for appellant, cite: *Presumed that carrier is conducting its business lawfully:* 241 U. S. 319; 342 U. S. 148; 244 U. S. 58. *And that tariff is filed with I. C. C., and shipper is bound by its limitations:* 233 U. S. 97. *And that shipper knew the lawful rate:* 237 U. S. 94; 226 U. S. 491. *If no value is declared, tariff rate applies:* 232 U. S. 508; 227 U. S. 665. *Bill of lading and tariffs filed, fixing the rate and limiting the liability, is conclusive:* 227 U. S. 639; 242 U. S. 148; 244 U. S. 58; 96 S. E. 712. *No defense that contract was not read by shipper:* 242 U. S. 148.

*Mr. A. H. Ninestein,* for respondent, cites: *Shipper must consent to limited liability:* 86 S. E. 22, 23. *Burden on carrier to show assent by shipper:* 64 S. E. 385; 53 S. E. 480.

January 31, 1921.

The opinion of the Court was delivered by MR. CHIEF JUSTICE GARY.

The complaint herein alleges that a package of merchandise was shipped by the Baltimore Bargain House of Baltimore, Md., to the plaintiff at Blackville, S. C., in July, 1915; that upon the arrival of said merchandise there was a shortage of $262.88.

The answer of the defendant interposes the defense that all the plaintiff can recover, if anything, is $50 by reason of the agreement between the plaintiff and the defendant that the liability in case of loss was to be $50, as set out in the original express receipt.

The plaintiff recovered a judgment against the defendant for $262.88, and the defendant appealed.

The following receipt was introduced in evidence:

"The company will not pay over $50.00 in case of loss * * * unless a greater value is declared, and the charges for such greater value paid.

"Baltimore, Md., 7-19-18.    Received from Baltimore B. Hse., subject to the classification and tariffs in effect, on the date hereof, 1 Pa. value herein declared by shipper' to be —— dollars.    Consigned to S. Poliakoff at Blackville, S. C., which the company agrees to carry upon the terms and conditions printed on the back hereof, to which the shipper agrees; and as evidence thereof, accepts and signs this receipt.    Goldstone.    For the Company.    Balto. B. H., Shipper.

"Terms and Conditions: (1) The provisions of this receipt shall inure to the benefit of and be binding upon the consignor, the consignee, and all carriers handling this shipment, and shall apply to any reconsignment, or return thereof.

"(2) In consideration of the rate charged for carrying said property, which is dependent upon the value thereof and is based upon an agreed valuation of not exceeding fifty dollars for any shipment of 100 pounds or less, and not exceeding fifty cents per pound, actual weight, for any shipment in excess of 100 pounds, unless a greater value is declared at the time of shipment, the shipper agrees that the company shall not be liable in any event for more than fifty dollars for any shipment of 100 pounds or less, or for more than fifty cents per pound, actual weight, for any shipment weighing more than 100 pounds, unless a greater value is stated herein.    Unless a greater value is declared and stated herein, the shipper agrees that the value of the shipment is as last

above set out, and that the liability of the company shall in no event exceed such value. * * * "

The rate charged for the shipment in question was for a package not to exceed a $50 valuation.

Although there are six exceptions it is only necessary to consider the third and sixth, which are as follows:

"(3) That his Honor erred, it is respectfully submitted, in failing to charge the jury, as the request of the defendant's attorneys, as follows: 'I charge you, gentlemen of the jury, that if the plaintiff is entitled to recover in this case, that he cannot recover an amount in excess of $50, for the reason that he agreed to this valuation, at the time the shipment was turned over to the express company, by failing to have the agent insert in the express receipt, a greater value than $50, and in not paying an increased rate for a higher valuation, in that a contract had been entered into by the parties interested herein, limiting the value to be recovered in case of loss, as set out in the receipt, and for which a lower rate was charged.' "

"(6) That his Honor, the presiding Judge, erred, it is respectfully submitted, in charging the jury, as follows: 'I will tell you that the express company has a right to make an agreement with the shipper limiting its liability to $50, but to do so they must call the shipper's attention to what is in the margin of the receipt. I will charge you that the loss on a shipment of goods is not confined to that limitation unless the shipper's attention was called to it, but after his attention was called to it, and he consents, then he is bound. If his attention was called to it, and he consented to it, then a verdict for $50 is all that you can give.' In that it is respectfully submitted that the jury was misled by his Honor's charge for the reason that more was required of the express

company, under the charge as hereinbefore stated, than the law required, the presumption being that when the plaintiff entered his signature on the contract in question, the express receipt, he is presumed to have known its contents, especially since no fraud is alleged, and anything requiring the express company to go further than to produce the contract upon which they relied is beyond the reason of the law."

The appellant's attorney in their argument say:

"There are six exceptions, but in reality there is but one proposition before the Court, and that is: Did the plaintiff and defendant agree to limit the liability, in case of loss?"

The case of *American Express Co. v. U. S. Horse Shoe Co.*, 244 U. S. 58, 37 Sup. Ct. 595, 61 L. Ed. 990, and those therein cited, are conclusive of this question. The syllabus in that case states, correctly, the principles therein decided, which is as follows:

"A limitation of liability to an agreed value, on which the rate was based, was affected by a contract for interstate express carriage, although the shipper made no declaration of value, as to the contract of shipment contemplated, where other clauses in the contract are susceptible of no other explanation than that they were intended to fix a primary value, to control as a basis for fixing the rates, and as a rule of limitation of liability, if the shipper did not, by making another and increased value, become liable for a higher rate, and possess the right to a greater recovery, and where the rate as charged, clearly rested upon the company's tariff as applied to the shipment, and the statement as to primary value so fixed."

We have not discussed the decisions of this State, for the reason that the question arises under the Interstate Com-

merce Law and is governed by the Federal decisions.

.Reversed.

MR. JUSTICE GAGE did not participate.